IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO SMITH,

Petitioner, No. CIV S-07-1699 LKK DAD P

vs.

RICHARD J. SUBIA, Warden,

Respondent. FINDINGS AND RECOMMENDATIONS

_________________________________/

Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 6, 2007, the court ordered respondent to file a response to the petition. On February 13, 2008, respondent filed a motion to dismiss, arguing that petitioner failed to exhaust his state judicial remedies. On March 4, 2008, petitioner filed an opposition to the motion and on March 14, 2008, respondent filed a reply.

**BACKGROUND**

In his pending application petitioner challenges the June 22, 2006 decision of the Board of Parole Hearings (hereinafter "Board") denying him parole. (Am. Pet. at 5.) Petitioner contends that the Board's decision violated his constitutional rights under the Due Process Clause and Equal Protection Clause. (Id.)

/////

Before coming to this court petitioner challenged the Board's decision in habeas petitions filed in the San Francisco County Superior Court, the California Court of Appeal for the First Appellate District and the California Supreme Court. (Am. Pet. at 3-4; Resp't's Mot. to Dismiss at 2 & Exs. 2-5.) On December 28, 2006, the San Francisco Superior Court issued a six-page decision denying the petition before it, finding that it failed to state a prima facie claim for relief. (Resp't's Mot. to Dismiss, Ex. 2.) On January 25, 2007, the California Court of Appeal summarily denied his petition. (Id., Ex. 3.) On July 11, 2007, the California Supreme Court denied his petition with a bare citation to the decision People v. Duvall, 9 Cal. 4th 464 (1995). (Id., Ex. 5.) Petitioner filed his original petition in this court on August 21, 2007, and his amended petition on September 27, 2007.

**RESPONDENT'S MOTION TO DISMISS**

I. Respondent's Motion

Respondent argues that petitioner failed to fairly present his federal claims to the state's highest court as required. (Resp't's Mot. to Dismiss at 3.) Specifically, respondent argues that the California Supreme Court denied petitioner's state habeas petition with a citation to the decision in People v. Duvall. (Id.) The California Supreme Court has held that a habeas petitioner in this state bears "a heavy burden initially to plead sufficient grounds for relief" and to satisfy that burden should in the petition (1) state fully and with particularity the facts on which relief is sought, and (2) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations. (Id. at 4) (citing Duvall, 9 Cal. 4th at 474).

Respondent contends that the California Supreme Court's citation to Duvall indicated that petitioner's petition was procedurally deficient. (Resp't's Mot. to Dismiss at 4.) Respondent maintains that the denial of petitioner's state petition on this state procedural ground demonstrates that petitioner has failed to fully exhaust his state remedies. (Id.) Accordingly,

/////

respondent concludes that because the state's highest court was not given a fair opportunity to address the merits of petitioner's claims, this court should dismiss the pending petition.

II. Petitioner's Opposition

In a brief opposition to the motion to dismiss, petitioner argues that he believed in good faith that he had submitted all of the required documents to the California Supreme Court and followed all of the proper procedures in presenting his claims to the best of his abilities. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2.) Petitioner further argues that when the California Supreme Court denied his petition, he believed that he had exhausted all of his state judicial remedies. (Id. at 2.) Petitioner maintains that his claims are meritorious and requests a stay in this action if necessary. (Id.)

III. Respondent's Reply

In reply, respondent contends that petitioner is not entitled to a stay in this action because his federal petition does not contain any exhausted claims that may be stayed. (Resp't's Reply at 1.)

**ANALYSIS**

I. Exhaustion of State Remedies

State courts must have the first opportunity to decide a state prisoner's habeas corpus claims. Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). In general, a state prisoner's application for a writ of habeas corpus will not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim

is based. Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Department of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Thus, a claim is unexhausted where the petitioner did not fairly present the factual[1] or legal basis for the claim to the state court. See Picard v. Connor, 404 U.S. at 275.

II. Discussion

As noted above, the California Supreme Court denied petitioner's habeas petition with a bare citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). (Resp't's Mot. to Dismiss, Ex 5.) Respondent relies entirely on that bare citation in claiming a failure to exhaust.

Petitioner clearly challenged the Board's June 22, 2006 decision denying him parole in his petition for writ of habeas corpus filed in the California Supreme Court. (Resp't's Mot. to Dismiss, Ex. 4.) However, petitioner did not include with his petition a complete copy of the transcript of the hearing that resulted in the parole being challenged nor did he submit a complete transcript of the decision as rendered by the panel. (Id.) Rather, he attached to his petition submitted to the California Supreme Court only the first page of the thirteen page

/////

/////

/////

---

[1] "[N]ew factual allegations do not ordinarily render a claim unexhausted." Beatty v. Stewart, 303 F.3d 975, 989 (9th Cir. 2002). A claim is unexhausted only if new factual allegations "fundamentally alter the legal claim already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986). See also Beatty, 303 F.3d at 989-90; Weaver, 197 F.3d at 364. It is not necessary that "every piece of evidence" supporting federal claims have been presented to the state court. Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994) (emphasis in original). The introduction of new evidence effects the fair presentation requirement when it "substantially improves the evidentiary basis" for petitioner's claims. Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988). New factual allegations that are merely cumulative of those presented to the state court do not transform the claim and thus do not require exhaustion. Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986). See also Weaver, 197 F.3d at 364 (acknowledging that although the "precise factual predicate" for a claim had changed after the evidentiary hearing in federal court, the claim remained rooted in the same incident and was therefore exhausted).

decision transcript.[2] (Id.) Without a complete copy of the decision transcript, it would appear that the California Supreme Court could not reach the merits of petitioner's claim.

Although petitioner maintains that he believed he submitted the necessary documents to the California Supreme Court, in this case it appears that the San Francisco County Superior Court had forewarned him that submitting one-page excerpts from his parole decision transcripts, as opposed to a complete hearing transcript, prevented the court from fully reviewing the Board's decision. (Resp't's Mot. to Dismiss, Ex 2.) In this regard, in denying relief in response to his first state habeas petition the Superior Court noted:

> The excerpts also indicate that the last panel stated it considered 'a lot' of factors besides the commitment offense in reaching the conclusion that Petitioner was unsuitable for parole and would pose an unreasonable risk of danger if released. Because Petitioner has failed to submit the full hearing transcript, this Court cannot review whether these additional factors were properly considered and whether the panel was biased or not. (*See In re Serrano* (1995) 120 Cal. 4th 447, 456 [petitioner bears ultimate burden of proving factual allegations that serve as basis for request for habeas relief].)

(Id.)

Thus, it appears from a review of the petition submitted to the California Supreme Court that petitioner did not fairly present the factual basis for his federal claim to the highest state court. See Picard v. Connor, 404 U.S. at 275; Weaver, 197 F.3d at 364; Bland, 20 F.3d at 1473; see also Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).[3] There is no indication

---

[2] Petitioner also submitted only the first page of the decision transcripts from his parole denials in 1996, 1999, 2002 and 2004. (Resp't's Mot. to Dismiss, Ex. 4.)

[3] The undersigned has noticed a developing trend of motions seeking dismissal of federal habeas petitions similar to this one based on the argument that a citation by the California Supreme Court to People v. Duvall, 9 Cal. 4th 464, 474 (1995) in denying a state habeas petition dictates a finding of non-exhaustion by the federal court. The undersigned disagrees. Unless it appears that the petitioner did not submit a copy of the transcript of decision to the California Supreme Court even though that transcript was reasonably available to petitioner at the time, a bare citation to Duvall in denying state habeas relief is unlikely to constitute an adequate independent state-law ground for denial. See Walker v. Kramer, No. 2:07-cv-00803-JKS-CMK, 2008 WL 356965,* 2 (E.D. Cal. Feb. 8, 2008); Bettencourt v. Knowles, No. Civ. S-07-2246 FCD DAD P (E.D. Cal. May 21, 2008). However, as noted above, in this case petitioner submitted only the first page of the decisional transcript to the California Supreme Court even though he

that petitioner filed an amended petition in the California Supreme Court attempting to cure the noted defect. Nor has petitioner alleged that state court remedies are no longer available to him.

Accordingly, the court concludes that respondent's motion to dismiss should be granted, and petitioner's application for a writ of habeas corpus should be dismissed due to petitioner's failure to comply with the exhaustion requirement.[4]

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's February 13, 2008 motion to dismiss be granted; and

2. Petitioner's application for a writ of habeas corpus be dismissed due to his failure to exhaust his available state remedies with respect to the claims presented.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

had been warned against that practice by the Superior Court and the transcript was apparently available to him as evidenced by his submission of the one-page except.

[4] Petitioner is advised that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. The one-year period of limitation "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). The limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). However, since petitioner seeks to challenge a 2006 parole denial, any federal application for writ of habeas corpus may well already be time barred.

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
smit1699.157